UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WALKER,

    Petitioner,

v.

    Civil Action 4:12-cv-12731
    HONORABLE GERSHWIN A. DRAIN
    UNITED STATES DISTRICT COURT

MITCH PERRY,

    Respondent,
_____/

### OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

### I. INTRODUCTION

Gregory Walker, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Walker challenges his conviction for three counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(a), and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### II. BACKGROUND

Mr. Walker was convicted of the above charges following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas

1

review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arose while the thirteen-year-old victim was babysitting at the house of a family friend named Mona while Mona went shopping. Mona had two adult guests staying at the house, defendant and a man named Mike. The record reflects that after Mona's children went to bed, the victim went down to the basement to watch the men play cards. While in the basement, she drank two alcoholic coolers. After the game, Mike suggested that the victim sleep in his basement bedroom while he slept on a couch in another area of the basement, but defendant insisted that the victim sleep upstairs. The victim testified that she went upstairs and lay down on the couch to watch television. Defendant followed her upstairs, sat on the floor, and watched with her. After about thirty minutes, defendant moved to the couch and removed the victim's pants. He first penetrated her vagina with his penis, but eventually stopped to prevent ejaculation. He then performed cunnilingus on her and digitally penetrated her vagina. The victim did not initially tell Mona about the incident, but the next day defendant made a vulgar statement to Mona about sexually penetrating the victim. Mona told him that he had better not be serious, and defendant did not say anything more. A few months later, the victim took a trip up north with Mona and some of her friends. One of them asked the victim whether she had ever had sex, and the victim said that she had never had consensual sex. Crying, she then asked Mona whether someone could get pregnant from an individual who had undergone a vasectomy. When one of the women asked the victim if defendant, who openly discussed his vasectomy, was the individual who had sex with her, she confided in Mona that defendant had touched her inappropriately. When they returned from the trip, Mona took the victim to report the matter to police.

*People v. Walker,* No. 275656, * 1 (Mich.Ct.App. March 25, 2008).

Mr. Walker's conviction was affirmed on appeal. *Id., lv. den.* 482 Mich. 897, 753 N.W.2d 147 (2008).

Mr. Walker then filed a post-conviction motion for relief from judgment with the

trial court pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Walker,* No. 06-010957-01 (Wayne County Circuit Court, March 31, 2010). The Michigan appellate courts denied Mr. Walker leave to appeal. *People v. Walker,* No. 302208 (Mich.Ct.App. August 30, 2011); *lv. den.* 491 Mich. 886, 809 N.W.2d 587 (2012).

Mr. Walker seeks a writ of habeas corpus on the following grounds:

I. Ineffective counsel by failing to challenge and excuse jurors whom were potentially prejudicial to the defendant—Appellate counsel fail to address trial counsel ineffectiveness by omitting significant and obvious issues on direct appeal.

II. Trial court abuse of discretion by not allowing his witnesses to testify in his behalf and allowing hearsay for what the plaintiff told someone else.

### III. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion

4

was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing

5

law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

## IV. ANALYSIS

### A. The procedurally defaulted claims.

Respondent first argues that Mr. Walker's first claim alleging the ineffective assistance of trial counsel and a portion of his second claim, which involves an allegation that the trial court violated Mr. Walker's right to a fair trial by refusing to permit him to call character witnesses, are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of

cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Mr.

Walker's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention Mr. Walker's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Mr. Walker's claims. *Id.*

In the present case, the Wayne County Circuit Court judge, in rejecting Mr. Walker's motion for relief from judgment concluded that:

> Defendant has failed to make meritorious arguments which establish errors in the proceedings or that, but for any alleged errors, he would have had a reasonably likely chance of acquittal, or that his sentence is invalid. Therefore, defendant has failed to establish any actual prejudice which requires reversal of his convictions and sentences. MCR 6.508(D)(3)(b).

*People v. Walker,* No. 06-010957-01, Slip. Op. at * 6.

In this case, the trial judge clearly invoked M.C.R. 6.508(D)(3)(b) in denying Mr. Walker's post-conviction claims. Because the trial court judge denied Mr. Walker post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), Mr. Walker's post-conviction claims are clearly procedurally defaulted

8

pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of Mr. Walker's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Mr. Walker's first claim and the portion of his second claim that he raised for the first time on post-conviction review are therefore procedurally defaulted.[1]

Mr. Walker contends that his appellate counsel was ineffective for failing to raise his post-conviction claims on his appeal of right.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and

---

[1] Mr. Walker could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291; *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004). However, for the reasons stated below, Mr. Walker is not entitled to habeas relief on this claim.

9

> effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington,* 466 U.S. 668 (1984)] claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which

was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Mr. Walker has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a thirty eight page appellate brief which raised three claims, including the claim involving the admission of the victim's out-of-court statements that Mr. Walker raises in his second claim. [2] Mr. Walker has not shown that appellate counsel's strategy in presenting these three claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Wayne County Circuit Court in rejecting Mr. Walker's post-conviction claims and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, none of the claims raised by Mr. Walker in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," Mr. Walker has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by Mr. Walker. "[A]ppellate counsel cannot be found to be ineffective for 'failure to

---

[2] *See* Appellant's Brief on Appeal [A portion of this Court's Dkt. # 13-16].

raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Mr. Walker has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, Mr. Walker has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider the claims that he raised for the first time in his post-conviction motion for relief from judgment as a ground for a writ of habeas corpus in spite of the procedural default. Because Mr. Walker has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that Mr. Walker had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Wayne County Circuit Court judge in rejecting Mr. Walker's first claim and the procedurally defaulted portion of his second claim when she

denied petitioner's post-conviction motion and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, Mr. Walker has failed to show that his procedurally defaulted claims have any merit. In particular, the reasons justifying the denial of Mr. Walker's procedurally defaulted claims were "ably articulated by the" Wayne County Circuit Court judge in rejecting Mr. Walker's motion for relief from judgment, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009). Mr. Walker is not entitled to habeas relief on his procedurally defaulted claims.

### B. Claim # 2. The claim involving the admission of the victim's out-of court statements.

Mr. Walker next contends that the trial court erred in permitting the introduction of out-of-court statements made by the victim to her friend on the ground that such statements were inadmissible hearsay. Mr. Walker further contends that such statements did not qualify as prior consistent statements that would have been admissible pursuant to M.R.E. 801(d)(1)(B).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United

States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. *See Byrd v. Tessmer,* 82 Fed.App'x. 147, 150 (6th Cir. 2003); *see also Rhea v. Jones*, 622 F. Supp. 2d 562, 589 (W.D. Mich. 2008); *Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002)(petitioner's claim that state court erred in admitting hearsay testimony under state evidentiary rule governing declarations against penal interest not cognizable in federal habeas review, where the claim alleged a violation of state law, not a violation of federal constitutional rights). The admission of this evidence in violation of Michigan's rules of evidence would not entitle Mr. Walker to habeas relief.

The admission of a prior consistent statement when the declarant is available for cross-examination at trial, as was the case here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. *See United States ex. rel. Gonzalez v. DeTella,* 918 F. Supp. 1214, 1222 (N.D. Ill. 1996)(internal citations omitted). Indeed, there is no violation of the Sixth Amendment's Confrontation Clause when the witness testifies at trial and is subject to unrestricted cross-examination. *See United States v. Owens,* 484 U.S. 554, 560 (1988); *see also Crawford v. Washington,* 541 U.S. 36, 59, n. 9 (2004); *U.S. v. Mayberry*, 540 F. 3d 506, 516 (6th Cir. 2008). As the Supreme Court has

explained, "where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem." *California v. Green,* 390 U.S. 149, 162 (1970). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Owens,* 484 U.S. at 560 (internal citations omitted). When a declarant's out-of-court statement is admitted at a criminal defendant's trial, "the question is whether defendant has the *opportunity* to cross-examine the declarant at trial." *Strayhorn v. Booker,* 718 F. Supp. 2d 846, 867 (E.D. Mich. 2010)(emphasis original). Because the victim testified at Mr. Walker's trial and was subject to cross-examination, the admission of her out-of-court statements to her friend did not violate Mr. Walker's Sixth Amendment right to confrontation. *See Shannon v. Berghuis,* 617 F. Supp. 2d 596, 604 (W.D. Mich. 2008).

Mr. Walker's claim about the admission of prior consistent statements that the victim made to her friend involves at best an error of state law that is not cognizable in federal habeas review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002). Because the victim was subject to cross-examination at Mr. Walker's trial, the admission of her extrajudicial statements presented no Confrontation Clause problems. *Id.* Because the admission of the victim's prior consistent statements did not deprive Mr. Walker of a fundamentally fair trial, petitioner is not

entitled to habeas relief on this portion of his second claim. *See Benton v. Booker*, 403 Fed.App'x. 984, 986 (6th Cir. 2010).

## V. **CONCLUSION**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Mr. Walker a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885.  The Court will also deny Mr. Walker leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED***.*

|  |  |
|---|---|
|  | /s/Gershwin A Drain |
|  | **HON. GERSHWIN A. DRAIN** |
| **Dated: March 21, 2013** | UNITED STATES DISTRICT JUDGE |